IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.              CRIMINAL ACTION NO. 5:08-cr-00018

JOHN PAUL YOUNG,

      Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On the 12th day of May 2011, came the Defendant, John Paul Young, in person and by counsel, Kimberly G. Mann, and also came the United States by Miller A. Bushong III, AUSA, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. United States Probation Officer Amy Berry-Richmond was also present at the hearing.

On July 14, 2008, the Defendant was sentenced to a term of imprisonment of twenty-eight (28) months to be followed by a term of supervised release of three (3) years. The Defendant began serving the term of supervised release on May 28, 2010. On November 3, 2010, the *Petition for Warrant or Summons for Offender Under Supervision* (Document No. 47) was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1) <u>Violation of Standard Condition: The defendant shall not commit another federal, state or local crime</u>: On October 14, 2010, the defendant was arrested by members of the U.S. Marshals Service subsequent to an indictment returned by the grand jury alleging distribution of a quantity of oxycodone, a Schedule II narcotic, on September 1, 3 and 7, 2010; and

2) <u>Violation of Standard Condition: The defendant shall not possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance</u>: The defendant submitted a urine specimen which was positive for oxycodone and cocaine on October 14, 2010. The defendant admitted to having used cocaine on October 11, 2010, and oxycodone on October 12, 2010.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's admission that he committed the violations as contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and, for the reasons more fully stated on the record, entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **EIGHTEEN (18) MONTHS**. This term of incarceration shall run concurrent with the twelve (12) month term of incarceration imposed on the Defendant in Criminal Action No. 5:10-cr-166 on May 12, 2010. The Defendant shall be given credit for time served to which he is legally entitled as appropriately calculated by the Bureau of Prisons. The Court **RECOMMENDS** to the Bureau of Prisons that the Defendant be placed at FCI McDowell in Welch, West Virginia, or at FCI Morgantown in Morgantown, West Virginia. Upon release from prison, the Defendant shall be placed on supervised release for a term of **SIX (6) MONTHS**. This

term of supervised release shall run concurrent with the three (3) year term of supervised release imposed on the Defendant in Criminal Action No. 5:10-cr-166 on May 12, 2010. Within seventy-two (72) hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer.

The Defendant was remanded to the custody of the United States Marshal.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: May 17, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA